**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-4096

_____

THE PUBLIC INTEREST LAW CENTER OF PHILADELPHIA,
                                                    Appellant

v.

THE POCONO MOUNTAIN SCHOOL DISTRICT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cv-02326)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2012

Before: SLOVITER, CHAGARES, and JORDAN, *Circuit Judges*

(Opinion Filed:  June 26, 2012)

_____

OPINION

_____

SLOVITER, *Circuit Judge*.

This appeal arises out of a claim for counsel fees incurred by the Public Interest Law Center of Philadelphia ("PILCOP") while representing a parent in administrative appeals and proceedings against the Pocono Mountain School District (the "School District") under the Individuals with Disabilities Education Improvement Act ("IDEIA").[1]

**I.**

Because we write primarily for the parties, we recite only those facts necessary to our decision.

Michael Medici is the father of a child in the School District eligible for the protections of the IDEIA. The IDEIA grants parents a right to access their child's education records as that term is defined in the Federal Education Records Privacy Act ("FERPA"). 20 U.S.C. § 1415(b)(1); 20 U.S.C. § 1232g(a)(4); 34 C.F.R. § 99.3 (2012).

Believing the School District was withholding records that he had a right to access, Medici requested an administrative hearing before a Pennsylvania Special Education Hearing Officer to compel the School District to release all education records, a term that Medici believed encompassed standardized test protocols and correspondence among teachers, parents, and staff regarding the child. Medici appeared at the hearing *pro se*. In a written decision, the Hearing Officer ruled that neither standardized test

---

[1] PILCOP is represented in this appeal by pro bono counsel Molly E. Flynn and David F. Abernathy of Drinker, Biddle & Reath LLP. We thank them for their assistance in deciding this matter.

protocols nor correspondence between teachers, staff, and parents was included in the term "education records."

After the Hearing Officer's decision, Medici retained PILCOP to appeal the question of the definition of education records to the Special Education Due Process Appeals Review Panel (the "Review Panel").[2] The Review Panel ruled that the hearing officer had erred by excluding broad categories of documents without reviewing the individual documents to determine whether they constituted education records under the IDEIA and FERPA and remanded to the Hearing Officer with instructions to conduct that review.

The School District filed suit in the Commonwealth Court of Pennsylvania challenging the Review Panel's decision. Specifically, the School District argued that the Review Panel lacked authority to remand the matter to the Hearing Officer. Medici removed the matter to the District Court for the Middle District of Pennsylvania. The District Court, inter alia, granted the School District's motion for summary judgment, holding that the Review Panel did not have the power to remand to the Hearing Officer and directing the Review Panel to conduct the document review itself. On remand the Review Panel determined that, while many of the documents requested by Medici, including the standardized test protocols requested, did not qualify as education records, Medici was entitled to access correspondence concerning the student that was shared

---

[2] The prior appeal process for IDEIA claims from the hearing officer to a review panel has since been amended to permit parties to appeal the decision of a hearing officer directly to a court. *See* J.A. at 195; *Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 288 n.1 (M.D. Pa. 2008).

3

between teachers and staff that had been maintained. Significantly, however, this ruling did not lead the School District to produce any new documents. Rather the School District asserted that it had already turned over all qualifying correspondence to Medici.

Before the Review Panel issued a decision pursuant to the District Court's remand, Medici filed a separate request for a due process hearing, alleging the School District failed to provide the student with a free appropriate public education as required by the IDEIA. Following negotiations, the School District and Medici entered into a settlement and release agreement that resolved all outstanding and potential claims involving the student except for the matter about the definition of "education records" pending before the Review Panel. Significantly, Medici also agreed not to file any further claims seeking access to or copies of the student's education records. Notwithstanding that agreement, after the Review Panel issued its decision Medici initiated a new suit in the Middle District of Pennsylvania seeking to enforce the portion of the Review Panel's decision granting him access to correspondence concerning the student and to appeal the portion of the Review Panel's decision ruling that he was not entitled to access standardized test protocols. The District Court granted summary judgment for the School District on the ground that Medici's claims were precluded by the settlement agreement. *See Medici v. Pocono Mountain Sch. Dist.*, No. 3:09-cv-2344 (M.D. Pa. June 22, 2011), ECF No. 32.

Medici assigned to PILCOP his right to recover attorney fees incurred during the administrative action against the School District about the definition of "education records." Shortly thereafter, PILCOP filed suit in the Middle District of Pennsylvania

4

seeking attorney fees of $42,255 for 93.9 hours of attorney time and $424.55 for expenses.

The School District filed an answer and later a motion for summary judgment objecting to an award of fees on the ground that Medici was not a prevailing party in the underlying litigation. The District Court ruled that Medici was in fact a prevailing party before the Review Panel but declined to award fees on the ground that Medici had achieved only partial and limited success. As such, the District Court granted summary judgment to the School District.

PILCOP filed this timely appeal.

## II.

This court exercises plenary review over a district court's application of legal standards in determining a fee award. *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). The reasonableness of a fee award is reviewed for abuse of discretion. *Id.*[3]

## III.

In ruling on a request for attorney fees under the IDEIA, a court must first determine whether the party prevailed in the underlying litigation. If so, the District Court must then apply its discretion to fashion a reasonable award of attorney fees. *See* 20 U.S.C. § 1415(i)(3)(B)(i).

"'[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in

---

[3] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(3) and 28 U.S.C. §§ 1331 and 1343. This court has jurisdiction under 28 U.S.C. § 1291.

a way that directly benefits the plaintiff.'" *P. N. v. Clementon Bd. Of Educ.*, 442 F.3d 848, 855 (3d. Cir 2006) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). Medici fails to meet that standard for a prevailing party because he produced no evidence that the School District's behavior was modified in a way that benefitted Medici. Although the order was nominally in Medici's favor, the District Court held in a separate action that Medici was precluded from enforcing that order by the voluntary settlement agreement.

The Supreme Court and this court have noted that prevailing party status is to be understood generously. *See P.N.*, 442 F.3d at 855 (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist*, 489 U.S. 782, 792 (1989)). However, both courts have also noted that the relief must directly benefit plaintiff in at least a de minimis way. For example, in *Farrar*, the Supreme Court stated that a party does not have prevailing status where it wins a declaratory judgment but is unable to alter the opposing party's behavior. 506 U.S. at 111 ("[T]o qualify as a prevailing party, a civil rights plaintiff *must obtain at least some relief* on the merits of his claim. . . . Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement.") (emphasis added); *id.* at 113 ("No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant."); *see also P.N.*, 442 F.3d at 855 (discussing *Farrar*).

The parties agree that no new records were turned over to Medici as a result of the Review Panel's order. Likewise, the District Court noted as part of its reasonable fee analysis that "Mr. Medici's success did not result in any real tangible change in his circumstances given that he received no additional records from [the School District].

6

Rather, it represented more of a symbolic victory of his interpretation of the term 'educational records' in FERPA and [IDEIA]." J.A. at 12-13. PILCOP contends that the Review Panel's decision afforded Medici practical relief because "it gave [him] the right to demand additional documents in the future." Reply Br. at 4. This contention, however, is contradicted by the record: first, the Review Panel's decision was limited to records identified in the original July 2007 hearing and, second, the District Court held in a separate action that Medici had signed away his right to bring an action to enforce the Review Panel's decision as part of the settlement agreement he entered into while the matter was still pending before the Review Panel.

Medici is thus not a prevailing party under the standard applied in *Farrar* and its progeny because he did not obtain any actual relief in that the School District did not provide any new documents and he was unable to enforce the Review Panel's order. It follows that Medici was not entitled to attorney fees, and we will affirm the judgment of the District Court.